**Opinion filed July 26, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00191-CV

_____

## IN RE CURTIS TEER

---

### Original Mandamus Proceeding

---

### M E M O R A N D U M   O P I N I O N

Curtis Teer, Relator, has filed an original mandamus proceeding in this court. Relator asserts that the Honorable Rodney W. Satterwhite, the judge of the 441st Judicial District Court of Midland County, violated Relator's due process rights when he issued an order to withdraw $6,523.01 from Relator's inmate trust fund for the payment of attorney's fees and court costs. Relator asserts that there is a discrepancy of $2,670.75; he also states that he was determined to be indigent in the underlying case and that, therefore, the $3,186.76 in court-appointed attorney's fees should not have been assessed against him.

Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that the relator has no adequate remedy

by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Relator here has not shown that he has no adequate remedy by appeal.

We agree with Relator that a notice or order to withdraw funds is not an appealable order. *See Harrell v. State*, 286 S.W.3d 315, 316 n.1, 321 (Tex. 2009) ("withdrawal order" is actually a notification from the court, not an order). However, an order ruling on a motion to strike or rescind an order to withdraw inmate funds would be appealable. *See id.* at 321. To his petition, Relator has attached a copy of a motion to rescind, addressed to the trial court. The motion to rescind and the petition for writ of mandamus reflect that Relator executed these documents within days of each other. If the motion to rescind has been filed in the trial court, Relator is entitled to a ruling on that motion. However, Relator did not attach to his petition a file-stamped copy of the motion to rescind, nor has he asked this court to direct the trial court to rule on his motion to rescind. Relator's relief lies in the motion to rescind and, if necessary, an appeal from a denial of the motion to rescind. *See id.* Because Relator has an adequate remedy by appeal, he has not demonstrated that he is entitled to mandamus relief. *See Walker*, 827 S.W.2d at 842; *In re Mendoza*, No. 05-16-00383-CV, 2016 WL 1469593, at \*1 (Tex. App.—Dallas Apr. 14, 2016, orig. proceeding) (mem. op.).

Accordingly, we deny Relator's petition for writ of mandamus.

PER CURIAM

July 26, 2018

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.